OPINION & ORDER DENYING PETITION FOR WRIT OF PROHIBITION

This is a private child custody matter involving an enrolled Navajo child who has a Navajo father (Dennison) and non-Navajo mother (Nouri). The parties and child lived together in Fort Defiance on the Navajo Nation from the child’s birth on May 24, 2011 until Nouri moved with the child to Gallup, New Mexico near the Navajo Nation, in March, 2012 at the earliest[2]. On September 23, 2013, Nouri moved with the child to Albuquerque, New *52 Mexico. On October 1, 2013, Dennison filed a petition for paternity, custody and visitation in Crownpoint Family Court (Crownpoint court) at 10:13 a.m, and Nouri filed a competing petition in Bernalillo District Court (state court) that same day at 4:08 p.m. Both subsequently filed competing petitions to dismiss.
On December 10, 2013, the state court initially denied Dennison’s motion to dismiss in order to communicate with the Crownpoint court. After consulting with the Crownpoint court, the state court dismissed Nouri’s petition on April 29, 2014. Meanwhile, the Crownpoint court denied Nouri’s motion to dismiss, explaining that the Navajo Nation courts have “original exclusive jurisdiction” in matters concerning Navajo children which are balanced “in the spirit of comity and the exercise of concurrent jurisdiction” on a case by case basis. Order at 4, Petitioner’s Ex. K (C.P. Fam. Ct. April 7, 2014). In response, Nouri filed a motion for reconsideration on April 29, 2014. The Crownpoint court then issued a Notice of Hearing for July 23, 2014. After the Crownpoint court denied Nouri’s motion for reconsideration, Nouri filed a petition for Writ of Prohibition in this Court on June 30, 2014, seeking to prevent the Crownpoint court from exercising its jurisdiction on the basis of lack of legal authority. Nouri also filed for reconsideration in the state court on May 12, 2014, upon which the state court reinstated Nouri’s action on July 7, 2014 and stayed all proceedings pending this Court’s review of the petition for writ of prohibition.
A writ of prohibition may be issued where the trial court is proceeding without or in excess of its jurisdiction, or has abused its discretion in exercising its function over matters within its authority to decide. Yellowhorse, Inc. v. Window Rock District Court, 5 Nay. R. 85, 86 (Nav.Sup.Ct.1986) citing McCabe v. Walters, 5 Nav. R. 43 (Nay.Ct.App.1985). Applicants for writs of prohibition at a minimum, must demonstrate to the Court that “(1) the lower court is about to exercise judicial power; (2) the exercise of such power by the lower court is not authorized by law; (3) the exercise of such power will result in injury, loss or damage for which there is no plain, speedy and adequate remedy of law.” Id.
Regarding the second Yellowhorse factor, Nouri asserts that our courts lack jurisdiction over Navajo children who do not reside in Navajo Indian Country. She argues that when the Navajo Nation Children’s Code was repealed and replaced with the Álchíní Bi Beehaz’áannii Act (ABBA) in January, 2012, former 9 N.N.C. § 1055 which had given the Navajo Nation “exclusive original jurisdiction” in child custody cases concerning Navajo children “wherever they may arise” had been entirely stricken. She argues that when it was stricken, our opinion in Miles v. Chin-le Family Court, 7 Am. Tribal Law 608 (Nav.Sup.Ct.2008) which found jurisdiction over non-resident Navajo children on the basis of this repealed provision, no longer stood as precedent. In addition, Nouri argues 7 N.N.C. §§ 253(B) and 253a as relied upon by the Crownpoint court is inapplicable and the more appropriate provision is new 9 N.N.C. § 1004(C)(1) in the ABBA, which Nouri claims limits Navajo court jurisdiction over all matters involving children to only those children “residing within Navajo Indian Country.” Den-nison disagrees, asserting that our opinion in Bahe v. Platero, 11 Am. Tribal Law 104 (Nav.Sup.Ct,2012) provides that the Navajo Nation has jurisdiction over Navajo children wherever they may reside on the basis of 7 N.N.C. §§ 253(B) and 253a, as arising from our inherent sovereign right to watch over tribal children, in privately *53 filed child custody actions. We agree with Dennison for the reasons set forth below.
In Bake, we noted the repeal of the old Children’s Code and discussed the basis of our jurisdiction over Navajo children generally as provided outside the ABBA. As to private child custody disputes, we stated that “jurisdiction over matters concerning our children who live outside the reservation is provided by 7 N.N.C. § 253a(F) as arising from our inherent sovereign right to watch over the upbringing of tribal children as a matter of the health, safety and welfare of the Nation as a whole and in keeping with Diñé bi beenahaz’áanii, which teaches that our children occupy a space in Navajo culture that can best be described as holy or sacred.” Id,, 11 Am. Tribal Law at 107. Specifically, 7 N.N.C. § 253a(B) provides for jurisdiction over Navajo members on the basis of membership wherever they may reside. We further stated “any reliance on ABBA provisions for statutory authority in private custody matters is incorrect. The ABBA, which is set forth at 9 N.N.C. §§ 1001-1504 of the Navajo Nation Code, covers delinquency, children in need of supervision, dependency, and Indian Child Welfare Act (ICWA) proceedings, not private child custody matters between parents.” Id., 11 Am. Tribal Law at 111 (emphasis added). In other words, the ABBA provides for our courts to function as a children’s court in which the court acts in place of a parent and, in the role of parens patriae, becomes responsible for a child. The Navajo Nation Council fully stated this function in the ABBA’s enabling legislation, finding that the ABBA is necessary due to the Nation’s “legitimate and compelling interest, parens patriae, in the well-being, welfare and safety of those children who come within its jurisdiction” who “face clear and present danger from exploitation, torture, abuse, neglect, truancy, and delinquency [whom] the Navajo Nation has an obligation to act in an aggressive and culturally appropriate manner to protect its most vulnerable and precious resource.” Enacting the Álehíní Bi Beehaz’áannii Act, Navajo Nation Council Res. No. CO-38-11, Section 2, ¶ 1 and 4 (October 31, 2011).
Noun’s reliance on 9 N.N.C. § 1004(C)(1) of the ABBA as the jurisdictional basis for this private custody action is misplaced. 9 N.N.C. § 1004(C)(1) does not apply to private custody disputes between parents over their children. The provision actually includes the words “under this Chapter” and, therefore, is limited by its own language to matters arising under the ABBA. As we stated in James v. Window Rock Family Court,, 11 Am. Tribal Law 41 (Nav.Sup.Ct.2012), the ABBA “serves primarily to address circumstances of substantial disharmony or discord involving children, not intra-familial arrangements ... Id., 11 Am. Tribal Law at 49. Crownpoint court’s finding of jurisdiction under 7 N.N.C. §§ 253(B) and 253a was proper.
Nouri argues that this Court is mistaken in its conclusion that the ABBA doesn’t apply to private custody disputes as the ABBA does not specifically state its non-application in this area. Nouri claims that the very same section of the ABBA that restricts jurisdiction to children residing within Navajo Indian Country expands jurisdiction over matters well beyond the scope of dependency, CHINS or delinquency and specifically includes custody determinations without limitation. Specifically, 9 N.N.C. § 1004(B) mandates court jurisdiction over a specific list of actions:
1. The termination of parental rights;
2. The adoption of a child;
3. Determining physical and/or legal custody of, or to appoint a custodian or guardian for a child;
*54 4. The commitment of a mentally ill or mentally disabled child;
5. The authorization of the marriage of a minor;
6. The emancipation of a child.
We would note that the above list by no means contradicts our conclusion. As expressed by the Council, the ABBA is intended to provide authority to the courts, in their function as courts for children, in order to make decisions affecting children in their best interests. Jurisdiction in private domestic relations actions is otherwise, amply provided for at 7 N.N.C. § 253(B), with procedures specific to domestic relations set forth at Title 9 of the Navajo Nation Code. Jurisdiction and procedures for healthcare commitment of both adults and minors are set forth at 13 N.N.C. §§ 2101-2112. There is neither overlap nor conflict. It bears noting that the marriage of a minor, as provided for outside the ABBA at 9 N.N.C. § 201, allows a parent or guardian to give their consent by simple agreement without court involvement. Similarly, the Healthcare Commitment Act at 13 N.N.C. § 2110 contemplates the participation of a parent or guardian of a subject minor. It is only when a parent or guardian is unavailable to give consent that a court might be asked under the ABBA to step in and become primarily responsible. The same is true for the emancipation of a child from his or her own parents wherein the child must file his or her own petition. In the present case, the parents are available, directly engaged in the welfare of their child, and are legally capable of decision-making for their child. Jurisdiction in such a situation does not arise in the ABBA.
As we stated in James, the distinction between circumstances under the ABBA where the court acts primarily in a parental role, and intra-familial arrangements where adult family members press their own disputed or consensus decisions in the best interest of that family’s children, “is critical in view of our Diñé philosophy towards children in relation to their families of origin.” James, 11 Am. Tribal Law at 49.
Navajo Nation laws must be read comprehensively and in combination, not piñón picked for provisions that support a given position. In the Matter of Frank Seanez, 9 Am. Tribal Law 377, 333-84 (Nav.Sup.Ct.2011). Where a provision is part of such a larger scheme, the whole of that scheme necessarily figures in the interpretation of that provision. NHA v. Johns, 11 Am. Tribal Law 31, 38 (Nav.Sup. Ct.2012). The Court also has a duty to harmonize laws rather than too readily find repeal or inconsistency. See Allen v. Fort Defiance Housing Corp., 8 Nav. R. 759, 765, 6 Am. Tribal Law 713 (Nav.Sup. Ct.2005). In this case, we find no inconsistency in our previous findings as to the circumstances under which the ABBA is applicable.
Finally, Nouri claims that this Court in James, supra, had previously addressed privately-filed adoptions under the ABBA and therefore should allow the ABBA to also apply to private custody actions. Nouri is mistaken. In James, this Court distinguished voluntary adoptions under 9 N.N.C. §§ 601-615 where the child is not abused or neglected and his or her parents not deceased, from adoptions under the ABBA which specifically addresses such cases. We concluded in James that the ABBA does not apply to private adoption actions, and that termination of parental rights (TPR) may not be forced upon natural parents seeking to file a private adoption proceeding “unless TPR is warranted under the TPR provisions of the [ABBA].” James, 11 Am. Tribal Law at 49. Adoptions without TPR are within Navajo cus *55 tom. In James, we briefly noted that the ABBA mentions “customary adoption” but does not define it. Id., 11 Am. Tribal Law at 49-50. In Bake, while stating that reliance on provisions of the ABBA for specific authority or procedure for intra-familial arrangements is “incorrect,” we further stated that “the Council’s findings, declarations, and broad policies and principles contained in ABBA regarding the government’s responsibilities over the welfare of our Navajo children may be cited as general statements of Navajo Nation policy in other situations.” Bake, 11 Am, Tribal Law at 111. Other than briefly touching on the governmental policy favoring customary adoption, nowhere in James does this Court apply ABBA authorizations to private proceedings.
For the above reasons, we find that Nouri’s petition is without merit.
We will not question the jurisdiction of the state court. In Bake, we noted with approval the decision of the New Mexico Supreme Court in Garcia v. Gutierrez, 147 N.M. 105, 217 P.3d 591 (2009) which acknowledged the concurrent jurisdiction of tribal courts over tribal children, even those with a non-member parent. Applying a mixture of comity and best interest of the child considerations, Garcia “took into account ‘the strong congressional expression in favor of tribal self-determination as to the upbringing of tribal children,’ in declaring that New Mexico courts ‘should assume that the tribal court has jurisdiction, as we hope and assume that the tribal court will treat the district court’s exercise of jurisdiction as proper,’ ” Bake, 11 Am. Tribal Law at 109, citing Garcia, 147 N.M. at 107, 121, 217 P.3d at 593, 607. The Garcia Court described New Mexico’s long tradition of comity with tribal courts in child custody matters, noting that this tradition “can survive only where courts actively strive to reach common ground,” in the best interest of the child. Id. Emphasizing the need for courts to communicate with each other to each a resolution regarding our children, we stated that “[t]he spirit of mutual respect between courts is a defining characteristic of our relations with the federal and states courts and vice versa.” Id. In the spirit of comity, we rely on the Crown-point court and the state court to continue to communicate respectfully to resolve the matter in the best interest of the child. If necessary, the two courts should instruct the parties’ respective legal counsels of their duty, especially when children are involved, to facilitate settlement and mutual approval of settlement between the courts.
The petition is DENIED.

. The Crownpoint court found that the child moved off reservation in March, 2012, however, based on Nouri's petition to the state court, the move occurred later on April 12, 2012. Petition to Establish Parentage, Custody, and Visitation, and For Division of Joint Property at 2, Petitioner's Ex. B (October 1, 2013).